Case number 17-7151. Mark Scahill et al. Appellant v. District of Columbia et al. Mr. Claybrock for the appellants, Mr. Love for the appellees. Mr. Claybrock for the appellants, Mr. Love for the appellants. Good morning. May it please the Court, my name is Brendan Claybrock and I represent the plaintiffs below, Mark Scahill and HRH Services, LLC. This is a civil rights case brought by the plaintiffs against the District of Columbia in connection with unconstitutional conditions that were placed on the liquor license. Specifically, in May 2016, the alcoholic beverage... Can I ask you about HRH's standing? Do you have a better argument for standing than the one you've offered in your brief, which I understand it is that the District Court's order was ambiguous, so therefore not preclusive. Am I stating that right? Maybe I'm not doing justice to your argument. But what is your argument that HRH has standing and that the District Court was wrong? I'm happy to address that. So, with respect to HRH's standing, the Court below found that HRH had initially filed an administrative petition for review that was ruled to... that was dismissed for lack of standing. And the Court applied issue preclusion and said, lack of standing because... What were the grounds for that? From our perspective, it's unclear from the D.C. Court of Appeals' decision. It was a very short order. It said it's dismissed. And there was a parenthetical that said... that cited that standing requires an injury in fact, but it's our position that that's not enough to actually show that there was a finding that HRH lacked an injury in fact. But the important thing with standing for HRH is that subsequent to that original dismissal by the D.C. Court of Appeals, there was a separate and distinct injury that did occur. And under the curable defect exception, it tells us... When did you all argue that? So, that was argued on a motion for reconsideration. Yeah. There's a procedure to do that. And there's Rule 15b, don't you? Isn't there a way to supplement your pleadings when subsequent factual developments address the issue? So, with the motion for reconsideration, we also sought leave to amend the complaint. And in that amendment, it included that separate and distinct injury. But that wasn't granted, right? That was not granted. But it was before the court that there was in fact a $4,000 fine issued by the board, which was based on a violation of the liquor license conditions. So, it's our position that that violation constitutes standing separate and apart from the original D.C. Court of Appeals dismissal. So, one other point with respect to standing is that the court below did not look at the proposed Second Amendment complaint, but instead looked at the status of the parties at the time the lawsuit was filed. But there's overwhelming law across numerous circuits. In our circuit? The D.C. Circuit has not addressed this issue. But numerous circuits have, which basically states when you're analyzing standing and jurisdiction, you look towards the operative complaint that's before the court. So, the court did not address the merits of HRH's unconstitutional conditions claims. So, let me be clear. The operative complaint language refers here to what? The second proposed complaint. The proposed Second Amendment complaint. Why was that operative? It should have been operative because our position is the court should have granted leave to amend, and had it done so, that issue, that fact regarding the injury that occurred, would have been before the court. Was it an abuse of discretion because of an error of law? It was an abuse of discretion to not grant leave? Is that the question? I'm sorry. Was it an abuse of discretion because of an error of law? Yes, Your Honor. That is a curable defect document. Yes, Your Honor. So, the court did not get to the merits on the unconstitutional conditions claim for HRH or the First Amendment freedom of speech claim. Nonetheless, those claims were sufficiently pled. Here we have a situation where the D.C. Alcoholic Beverage Control Board conditioned the license on a relinquishment of HRH's constitutional rights. Namely, its First Amendment freedom of speech. Which First Amendment freedom of speech issue? What's a First Amendment freedom of speech issue? So, the First Amendment freedom of speech issue for HRH involves one of the conditions on the license required the company to notify the Metropolitan Police Department within 24 hours if Mr. Skyhill was present at the restaurant. Even as a customer, HRH was required to notify the Metropolitan Police Department and report him for trespass. So, this is compelled speech that the requirement that they report to the government. So, what you're saying is compelled speech? Yes. So, why isn't this completely resolved by our opinion in full value advisors versus SEC? I'm sorry? Why doesn't full value advisors versus SEC render this argument not cognizable, at least in this circuit? Let me just refer to that. That's the case in which we held that compelled disclosure to the government is not compelled First Amendment speech and is subject instead only to a rational basis test. That's the case in which required reporting to the SEC was held that way in which we said that, for example, people are required to report to the IRS, their taxes, all of which could be considered compelled speech but, in fact, is not. I don't understand why that holding doesn't eliminate this particular argument. Well, I think that's a different circumstance where that's the government carrying out its function. As far as reporting to the IRS, we have statutes that require citizens to pay taxes and to report their income. Here we have a situation where it's within the discretion of the government. The Alcoholic Beverage Control Board certainly does have the ability to regulate the sale and consumption of alcohol. That's not in dispute. But in doing so, it can't then compel a business, one business, just one, targeting one business, not everybody, to compel. That's not really the compelled one. It's not a compelled speech argument. That might be some kind of equal protection or due process argument, but it's not a compelled speech argument. Why is it any different than, yes, the IRS, the government would like to make sure it has revenues so that it can make other expenditures, and its method of doing that is compelling people to report their income. The Alcohol Control Board is required by statute to make sure that everyone who gets a license follows the law. And one method by which they do that is where there's been concern in the past. They require reporting. Now, that's exactly what we said is subject to a rational basis test. Well, I mean, here we have a situation where you have a private entity, and it's on its own property, being compelled to report to the government. I'm on my own property, minding my own business, and I have to file an income tax return. I don't understand why that's different, and I'm a private entity. That's not a distinction. As to who you do business with and who's on your property? Well, I do have to report who I do business with because it requires me to report all the income I get from any investment I have, every exchange I make. I hope this isn't only me. I hope everybody else has the same requirements. Of course, Your Honor. All transactions in which I make or lose money, all those things have to be reported. So you can go ahead and move on to the next argument. For constitutional conditions, there has to at least be a constitutional violation, right? If there were no constitutional violations here, constitutional conditions would add nothing. Is that fair? I don't think there actually has to be a constitutional violation itself because in the Otter decision, for example, six lobbyists were sued. Maybe I should put it the other way around. There has to be a constitutional right involved, right? That is correct, Your Honor. So go through the other constitutional rights. Well, so even, you know, accepting, if we were to accept it's a rational basis review, there's still a First Amendment right that's being implicated here. What's your freedom of association claim? I didn't understand that. So the freedom of association claim is based on the fact here that the Alcoholic Beverage Control Board has prohibited Mr. from entering into any type of relationship, whether it's a customer, business owner, or employer, employee. But they're all commercial relationships, right? That is correct, Your Honor. So you're saying the Constitution guarantees an associational right in the commercial context. Supreme Court hasn't said that yet, right? It hasn't said that. You want us to be the first to say that. And you want us to say that this is what the Supreme Court has said is a category of intimate relationships. That is correct, Your Honor. And you're saying that the relationships here are, which are commercial, fall under that rubric of intimate relationships. Well, Justice O'Connor's concurrence in the J.C.'s decision, it does recognize that there is some protection for commercial association, even if it's minimal. So here, yes, we are asking that the Court expand the body of law to recognize this commercial association as a right, even if it is just a rational basis review. Can I ask you to pause over that? When you mentioned Justice O'Connor's concurrence, it was a majority opinion, right? That is correct. The majority opinion said there's only minimal constitutional protection of the freedom of commercial association, right? So you're not asking us to say something for the first time. You're asking us to overrule Roberts v. J.C.'s, which is a Supreme Court opinion. Not overrule, but essentially expand upon. Well, this expand upon isn't exactly the same thing as they said you get only minimal protection. You want us to get more than minimal protection. Well, even minimal protection, I think. So that's rational basis, right? Yes. So you think you win under a rational basis test? That is correct, Your Honor. So it's not rational for the government to decide that in order to ensure that the applicants are the true applicants and not a pawn for Mr. Scahill, that they should be sure Mr. Scahill isn't in the restaurant. That's not even rational? It's not, Your Honor. Okay. And the reason why is the board here put the cart before the horse. There's never been a finding at all as to whether Mr. Scahill is qualified as a licensee. In fact, he's been deemed qualified to manage any bar in Washington, D.C., in the entire District of Columbia. So there's never been a finding as to his actual qualifications. I thought he was implicated in the underage drinking violations. There were six of them, weren't there? There was never actually any findings of that that's referenced in the opinion itself, which was hearsay upon hearsay upon hearsay documents that were not even disclosed during the actual hearing itself through testimony. But there's actually, he's never found to be in violation. He still has a manager's license. Wait, weren't there fines for the previous company that he controlled? He was an 8% owner. So there were fines. And they were not even paid, right? He tried to pay them. I'm not sure what that means, but there was a finding that there were $26,000 of unpaid fines, something like that. And he made efforts to pay them and actually dropped off a check, and that's not in the record. It's not in the record. So it's not rational. They come in, they say, don't worry, we're not him. We're a completely different company. And so you don't have to worry that somebody who was a previous owner in a bar that served repeatedly underage drinkers, in order to make sure that that doesn't happen again, we, your client, will not allow Mr. Skahil in. You don't think that's a rational decision by the alcohol board? Well, I think it's overreach to say that he cannot even go into the restaurant with his family to get a meal. I don't think that's rational. And there's also never been any findings as to whether he was the owner of this business or not. So I think what the board should have done was, you know, if they do think there's a violation, they have investigators that can investigate this. Or at the same time, HRH will have to be before the board again to renew its application, at which point those issues can be explored. But to issue these prophylactic measures to prevent and infringe upon these rights goes too far. So I see I'm running out of my time. If the court has any other questions, I'm happy to address them. Thank you. Good morning. May it please the Court. Excuse me. Richard Love for the District of Columbia. First of all, all but the plaintiff's retaliations claims are precluded by the decisions of the D.C. Court of Appeals. But even if issue preclusion is inapplicable to any or all of the claims, the district court did consider on the merits and correctly dismissed all of Mr. Scahill's claims, which are essentially identical to HRH's claim. Further, it correctly found, the district court correctly found that it was implausible to find that the board's enforcement action against HRH was retaliatory. On the standing issue, I would like to make four points in addressing this curable defect exception. First of all, the subsequent sanction didn't cure the defect that the D.C. Court of Appeals found, which was that HRH wasn't injured from the conditions that it enforced, the barring notice that it had issued against Mr. Scahill. And here they can't. I'm sorry, I didn't quite follow. HRH was, a fine was imposed upon them, right? Well, that's the subsequent injury. But that didn't cure the injury that the D.C. Court of Appeals found HRH lacked. If they brought the case today, would they have standing? If they brought a challenge to the fine today, would HRH have standing today? Today? To challenge the fine, yes. But that doesn't give them standing to challenge the conditions in and of themselves. Where did the D.C. Court of Appeals say that? Oh, it's on page 74 of the record. It's the court's order. Page 74 just says Exhibit C on it. Well, I think this is the order dismissing HRH's appeal from the D.C. Court of Appeals. Yes, fair enough. But where does it say the point that you just said? How do we know that the problem with respect to standing was that nobody had to pay any fine yet? How do you know that wasn't the problem? Well, I think when you look at the order to show cause, which is referenced in the first paragraph, which indicates whether there was injury resulting from the condition that the petitioner enforce the borrowing notice it had issued against Mr. Skate. I'm sorry, where are you? That's the first paragraph on page 74 of the order. And where's the words that you just said? Third line down. Subject to the condition that the petitioner enforce the borrowing notice that it issued. Right. You're making an argument that this was really voluntary and not an injury. Is that your argument you're making now? Well, I think that's the conclusion of the D.C. Court of Appeals. I don't see that conclusion. I mean, the court doesn't really give any reasoning. I think it's completely fair to say that there was no injury in fact, but we don't know which ground there was no injury in fact. The reasonable one is that no costs had yet been attached to it. Now they have a fine. I disagree. I think you can infer from this order that the D.C. Court of Appeals, and this is how the district court interpreted it, that the Columbia Court of Appeals was concerned that how is HRH injured from conditions that merely require them to enforce what it had served on Mr. Skate? That was why they ordered HRH to show cause why the case shouldn't be dismissed. Do we have that? Can you point me to that one? And then the concluding paragraphs clearly. Can you tell me what page the order to show cause is? Do we have that? No, I don't believe that. I'm not sure that that is in the record. It's clearly. Did it make the point that you're making now? I'm not saying it didn't. Yes, it asked HRH to show cause why the case should not be dismissed basically for lack of an injury, in fact. But did it note the point that you're raising, which is that it was HRH's own proposed order? I think it did. And I think it does in the first paragraph of the order that is in the appendix. So, I mean, when you read the first paragraph, you know, it describes what is sought to be reviewed, that on August 12th the court asked the petitioner to show cause why it should not be dismissed for lack of standing. Of course, it does not appear petitioner has agreed by the order identified for review. I mean, so the issue is encapsulated right in that first paragraph. And we don't have the response to the show cause order in the record, but the court considered it and determined to dismiss the appeal because they didn't find there was injury, in fact. I don't think you can read that order any differently. That's how the district court interpreted it, and I would submit that it was a reasonable and correct interpretation. But the second point, I think, is that the subsequent sanction didn't demonstrate standing when the suit was filed. And the third point is, even if the case law was that an amended complaint could cure lack of standing when the suit was filed, the second amended complaint was not the operative complaint when the court assessed standing here. And it didn't abuse its discretion in denying leave when the law on whether it could even cure the defect is unsettled. And we went on to say in our brief that any error is harmless because the court did here consider all of the claims, albeit in the context of Mr. Skatehill's constitutional claims, which, as we've said, are essentially identical. On the speech, three points. First of all, the speech was voluntary. Second of all, HRH was not compelled to endorse a position contrary to its belief. It was merely required to report a fact. And the board here was really regulating HRH's conduct, ensuring that it operated independently of Mr. Skatehill, not its speech. And as we've set forth in our brief, the board clearly would satisfy intermediate or rational basis review, even if there was some constitutional protection here. There is a clear government interest in restricting liquor traffic to persons of good moral character who aren't acting on behalf of an undisclosed third party and to safeguard the community against indiscriminate sale of alcohol, including to minors. On association, there's no alleged infringement on intimate or expressive association, political speech, religious expression. And, again, any review that would, any standard that would be applicable is satisfied for the same reasons. Just one point on the second amended complaint, the retaliation issues, which the court did found there was standing for. We would submit the court did properly consider the board's order. First of all, the plaintiff submitted the board's order as an exhibit to their motion two that were filed. The second amended complaint is based on and refers to that board order, and, of course, the board order is a record from a proceeding that the court could take judicial notice of. There's numerous cases that allow consideration of that on a motion to dismiss, including EEOC v. St. Francis Xavier case, EARL v. DC, which allows the court to take judicial notice of facts of records and other proceedings, the veg mix v. U.S. Department of Agriculture case, which we cited in our brief. On the freedom of movement, I did want to point out an issue with regard to the sidewalk. And, first of all, the barring notice that HRH served on Mr. Skate Hill prohibits Mr. Skate Hill from accessing their property or premises, not public spaces. Second of all, there are regulations that clearly indicate that the sidewalk cafe is not a public area. In fact, the municipal regulations require that any establishment that has a certificate of use for a sidewalk cafe, as the alibi does and did, must maintain what they call a clear sidewalk space of a minimal of 10 feet that's measured from the edge of the sidewalk cafe to the curb. What's the site for the regulation? Those are at 24 DCMR section 204.1 and 311.1. And then there's a definition, I believe it's at 399, that defines this clear sidewalk space. So the sidewalk cafe is not the sidewalk. So at the hearing, correct me if I'm wrong, at the hearing at which the conditions barring Mr. Skate Hill from showing up at the restaurant, was he present? No, he was not present. Did he ever have an opportunity to challenge those? Well, he did have an opportunity and he did challenge. He challenged the conditions in the DC Court of Appeals. But before the licensing agency. Right. Did he have notice of these? Well, these are the relevant facts. The board issued a very comprehensive order for a qualifications hearing. They clearly identified that one of the issues was what was Mr. Skate Hill's involvement, his history with running the My Brother's Place. And was he given notice of that? Well, that qualifications notice wasn't served on him. But it was served on HRH. HRH then served the barring notice on Mr. Skate Hill, which he signed two days earlier. I would argue that that's certainly an inference that he knew the hearing was taking place. These are two days before? Two days before the hearing. In addition, HRH was free to call Mr. Skate Hill or even to subpoena him. It was clearly a central issue in the qualifications issue. Instead, they voluntarily chose to serve him with the barring notice. Nothing prohibited him from coming forward. He was served with his barring notice. So I would submit that he did have notice. Further, in the D.C. Court of Appeals decision on the merits of Mr. Skate Hill's petition for review, there the court found that he wasn't entitled to notice the board's, you know, the subject of the board's hearing was whether or not HRH was qualified for a license. Lastly, on the procedural due process, just on the one argument that the board's order interfered with Mr. Skate Hill's right to pursue his chosen profession, one we would argue that that was forfeited. It was never raised. You know, yeah, it's a due process argument, but, you know, it has to be raised with some particularity. And just because they raised a due process argument doesn't encompass this claim, which was never raised. Even if it was raised, it lacks merit because the board didn't revoke Mr. Skate Hill's manager's license, and thus he's not foreclosed from working at any establishment other than the alibi. And his status as a guarantor does not confer a property interest protected by the due process clause. He cited no authority in support of that, and the district court did identify authority contrary to that position. For all those reasons, we would ask that this court affirm the district court's decision. Unless the court has any other further questions, I would rest there. We don't? Thank you. There's a vote. Playhouse Council, have any? Playhouse Council had one minute to speak. Your Honor, with respect to HRH's First Amendment retaliation claim, what this boils down to is that the district court did find that the allegations were sufficient to make a prima facie claim for First Amendment retaliation. However, the court looked towards the board's order. And Marshall County Health Care tells us, the circuit tells us, that when you're challenging administrative agency's conduct on the basis of whether it's constitutional or not, you cannot take judicial notice of agency documents on a motion to dismiss. Does this sound like a question of whether he was in the alibi? Is that what this is in connection with? So, yes. So the First Amendment retaliation was after HRH engaged in protected activity, filing its administrative appeal, and subsequently joining this lawsuit, was that the board started sending investigators immediately thereafter within the 30-day span, which creates a presumption of retaliation. With respect to... Is it correct there's no dispute that he was in the bar? There actually is. Looking at the actual administrative record, one of the investigators said that she never saw him there. That's not what she said. You want to be careful about that. She said she recalled Investigator Breshears telling her that one of the people in the sidewalk cafe was Mr. Schuyle and indicated that she has no reasonable basis to doubt his investigation, his identification. I'm not sure if that's the direct quote from her testimony itself or if it's the board's order characterizing it. No, that's fair. I'm quoting from the order. Is the testimony itself also in the record? It's not. But that's the problem with the board, you know, relying on hearsay while on hearsay, creating these orders without actual record of these documents. Did you represent below that he wasn't present? I'm sorry? Did you represent below that he wasn't present? Did he... Did you represent below, not you personally, but on his behalf in the district court, was there a claim, factual claim that he wasn't present? So that's actually never been explored, right, because we've never had discovery in this case. Oh, this wouldn't require discovery. It's your own client. I mean, if this goes back down and the first interrogatory is, was he present, is he going to say he wasn't? I can't answer that, Your Honor. Can't answer that because it's privileged or can't answer because you don't know? Well, because I don't want to become a witness here on behalf of my own client. What we can base it on is what's in the record. So... So you don't know if it's raised? Whether it was raised? Well, in the administrative hearing, it was the board's burden, and I don't believe there was any evidence offered from HRH in that hearing. It was just challenging the board's evidence. And raised before the district court? I'm sorry? And raised before the district court? It was not before the district court. Whether he violated the conditions or not, it's just challenging the actual conditions that was before the district court. Can I tell you the same thing with respect to whether he knew about the hearing? No. Regarding the procedural due process claim, I mean, notice of being served with a barring notice isn't being served with notice of a hearing. On the question of whether he knew a hearing was going on, you need notice really only if you don't know that the hearing is going on. Is he going to represent below that he had no idea that the barring notice was going to be up at the hearing and when the hearing was going to be? Without that information, I can't say one way or the other. But what I can say is that I would be surprised if he knew the extent of which he would be the subject of that hearing. I mean, the decision, his name was mentioned. That's speculation. I'm sorry? That's speculation. You said you don't know. Yeah, that is correct, Your Honor. I'm out of time. If there's any other questions, I'm happy to address them. Thank you. We'll take the matter under submission. Appreciate it.
judges: Garland, Rogers, Griffith